# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRISTATE ANTIQUES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 17-1823 |
| FEDERAL INSURANCE COMPANY, | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                             **OCTOBER 11, 2017**

       Plaintiff Tristate Antiques ("Tristate") filed suit against Defendant Federal Insurance Company ("Federal") in the Court of Common Pleas of Philadelphia County, alleging that Federal breached its obligations under an Inland Marine Policy (the "Policy"). Federal removed the case to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1132.

       Presently before the Court are Federal's Motion for Judgment on the Pleadings and Tristate's Response in Opposition/Cross-Motion for Leave to File an Amended Complaint. Federal has filed a Reply Brief, and Tristate has filed a Surreply. Federal has also filed a Motion to Extend Discovery in the event we deny its Motion for Judgment on the Pleadings. For the reasons noted below, Federal's Motion for Judgment on the Pleadings is granted, as is Tristate's Motion for Leave to File an Amended Complaint. Federal's Motion to Extend Discovery is denied as moot.

## I.    BACKGROUND

       Federal insured Tristate under Inland Marine Policy Number 0661-79-16 EUC, which had a Policy Period of December 8, 2010 to December 8, 2011. (Compl. ¶ 3 (citing Ex. A

("Policy Decl.")).) Tristate alleged that on or about December 1, 2011, while the Policy was in effect, it suffered a loss "of fine arts and dealers stock and trade" in the amount of $140,000. (Id. ¶ 4.) Tristate claimed it promptly reported the claim to Federal, but Federal refused to pay as allegedly required under the Policy. (See id. ¶¶ 5, 6.)

Federal filed an Answer to the Complaint, averring that the Policy was cancelled effective July 15, 2011. (See Def.'s Answer ¶ 4.) The Policy contained a provision where "[t]he first Named Insured may cancel this policy or any of its individual coverages at any time by sending [Federal] a written request or by returning the policy and stating when thereafter cancellation is to take effect." (Def.'s Mem. Support Mot. J. on Pleadings at 7 (citing Ex. 1 ("Policy")).) Thus, Federal maintains that it owes no obligations under the Policy because it was cancelled prior to Tristate's alleged December 1, 2011 loss. (See generally id.)

Tristate filed suit against Federal in the Court of Common Pleas of Philadelphia County, alleging a sole count of breach of contract. Federal subsequently removed the case to this Court on the basis of diversity of citizenship jurisdiction. On August 16, 2017, Federal filed a Motion for Judgment on the Pleadings. On August 17, 2017, Federal also filed a Motion to Extend Discovery in the event that we deny its Motion for Judgment on the Pleadings. On August 30, 2017, Tristate responded to Federal's Motion and cross-moved for leave to file an amended complaint.

## II. LEGAL STANDARD

### A. Rule 12(c) Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Fed. R. Civ. P. 12(c). A court may grant a motion for judgment on the pleadings "if, on the basis of the pleadings, the movant is entitled to judgment as a matter

of law." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 262 (3d Cir. 2008) (citation omitted). "We 'view[] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.'" D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 271 (3d Cir. 2014) (quoting Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004)). "A Rule 12(c) motion 'should not be granted unless the moving party has established that there is no material issue of fact to resolve, and [the moving party] is entitled to judgment as a matter of law.'" Id. (quoting Mele, 359 F.3d at 253). "Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (footnotes omitted).

    **B.    Rule 15(a) Standard**

Federal Rule of Civil Procedure 15(a) provides that, when a party cannot amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Factors that may justify the denial of leave to amend include undue delay, bad faith, and futility. See id. (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993)). However, the United States Court of Appeals for the Third Circuit has "consistently recognized" that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Id. (internal quotation marks omitted). Prejudice results when a party changes its "tactics or theories" that results in the non-moving party having

3

"undue difficulty in prosecuting [or defending] a law suit." Heraeus Med. GmbH v. Esschem, Inc., --F.R.D.--, No. 14-5169, 2017 WL 2439554, at *2 (E.D. Pa. June 6, 2017) (citation and internal quotation marks omitted) (alteration in original).

## III.  DISCUSSION

### A.  Motion for Judgment on the Pleadings

As a preliminary issue, we first decide what materials we will consider in addressing Federal's Motion for Judgment on the Pleadings. In its Complaint, Tristate attached the Declarations for the Policy, but did not attach the entire Policy itself. (See Compl.) Federal has attached the entire Policy in reliance on its Motion. (See generally Policy.) Further, Federal has also attached a "Cancellation Request/Policy Release" ("Cancellation Request"). (See Def.'s Mem. Support Mot. J. on Pleadings, Ex. 2.) Tristate does not dispute the authenticity of those documents, and its claims are without question based upon them. Accordingly, we will consider them for purposes of Federal's Motion for Judgment on the Pleadings.

The Policy issued to Tristate had a Policy Period of December 8, 2010 to December 8, 2011. (See Policy Decl.) Federal moves for judgment on the pleadings on the basis that no breach of contract can exist because the Policy was cancelled effective July 15, 2011, which was before Tristate's December 1, 2011 loss. (See generally Def.'s Mem. Support Mot. J. on Pleadings.) To allege a breach of contract under Pennsylvania law, a plaintiff must show "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015) (quoting Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)) (internal quotation marks omitted).

Under the terms of the Policy, Tristate had the right to cancel it "at any time by sending [Federal] a written request." (See Policy.) The Cancellation Request unquestionably satisfies that provision. The Cancellation Request lists the "Named Insured" as "Tri-State Antiques"; the Policy Number is 0661-79-16 EUC; the cancellation date is July 15, 2011; the insurance company name is "Federal Insurance Company"; and it is signed and dated by Purnima Som, Tristate's proprietor. (See Cancellation Request; see also Pl.'s Response Opp'n Def.'s Mot./Cross-Mot. Leave to File Amended Compl.[1] at 6.) Tristate does not put forth any meritorious argument that the Policy was in effect at the time of the December 1, 2011 loss.[2] Accordingly, there was no enforceable contract at the time of the December 1, 2011 loss, and Federal is entitled to judgment on the pleadings.[3]

**B.     Tristate's Motion for Leave to File an Amended Complaint**

Clearly recognizing the weakness in its claim against Federal, Tristate alternatively moves for leave to file an amended complaint. Tristate has attached a "(*Proposed*) Amended Civil Action Complaint" as an exhibit to its Response in Opposition/Cross-Motion for Leave to File an Amended Complaint, where it names a different plaintiff, a different defendant, and alleges a breach of a different insurance policy. (See Pl.'s Response Opp'n Def.'s Mot./Cross-Mot. Leave to File Amended Compl., Ex. H ("Proposed Complaint").) Specifically, the Proposed Complaint names "Purnima Som d/b/a Tristate Antiques" as the Plaintiff, "Great Northern Insurance Company" as the Defendant, and alleges a breach of contract under Policy

---

[1] Tristate did not include page numbers in its Response in Opposition/Cross-Motion for Leave to File an Amended Complaint. Accordingly, we will use the ECF generated pagination when citing.

[2] Tristate, without any citation or support, puts forth the strange argument that the cancellation was made by an "individual agent, Armanda [sic] Bassi," and that the cancellation was made "unbeknownst" to Tristate. (See Pl.'s Response Opp'n Def.'s Mot./Cross-Mot. Leave to File Amended Compl. at 11.) Notwithstanding the fact that nowhere in the Complaint is that allegation made, but Tristate's argument is clearly without merit because Purnima Som, the proprietor of Tristate, signed the Cancellation Request.

[3] Given that Federal is entitled to judgment on the pleadings, we deny its Motion to Extend discovery as moot.

5

Number 13250719-01.  (See Proposed Compl.)  Despite Federal not being named as a Defendant in the Proposed Complaint, it nevertheless argues that Tristate should not be permitted to amend its Complaint because it would be "inherently prejudicial" and would cause undue delay, given that Tristate has known about the claim against Great Northern Insurance Company for quite some time.  (See Def.'s Reply at 7-8.)

We may dispose of Federal's arguments fairly quickly.  First, Federal suffers absolutely no prejudice as a result of Tristate being given leave to amend, as it is not named as a Defendant in the Proposed Complaint.  See Arthur, 434 F.3d at 204 (stating that prejudice is the "touchstone" for the denial of leave to amend).  Further, Federal is entitled to judgment on the pleadings, resulting in it being dismissed from this action with prejudice.  While there may be evidence in the record that Tristate knew about the claim against Great Northern Insurance Company even before this action was filed, we cannot say that such delay was "undue."  See id. at 204-05 (discussing that only one appellate court approved the denial of leave to amend based on a delay of less than one year).  This case has only been litigated in this Court since April 2017.  Given the liberal policy of allowing plaintiffs leave to amend, and Federal suffering no prejudice whatsoever in this instance, we grant Tristate's Motion for Leave to File an Amended Complaint.

## IV.    CONCLUSION

The Policy issued to Tristate had a Policy Period of December 8, 2010 to December 8, 2011, but allowed Tristate to cancel it by sending written notice to Federal.  There is no question that the Cancellation Request evidences the cancellation of the Policy effective July 15, 2011, which was before Tristate's December 1, 2011 loss.  Accordingly, Tristate cannot maintain a breach of contract claim against Federal, and Federal is entitled to judgment on the pleadings.

However, we grant Tristate's Motion for Leave to File an Amended Complaint because Federal suffers no prejudice as a result of Tristate filing an amended complaint. Further, even though there may have been some delay in seeking leave to amend, we cannot say that such delay was "undue." Accordingly, Tristate is permitted to file an Amended Complaint.

An appropriate Order follows.